# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**HAKIM Q. NASEER,**

        **Plaintiff,**

        -vs-                              Case No. 09-C-0788

**RACINE COUNTY, RACINE COUNTY SHERIFF,
SHIFT SGT. ETHEN, SHIFT SGT. DENISE, and
JOHN DOES and JANE DOES,**

        **Defendants.**

# DECISION AND ORDER

Now before the court are: (1) the plaintiff's motion to disregard any accusations of non-compliance; and (2) the defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 37(d).

On May 24, 2011, counsel for the defendants served the plaintiff via U.S. Mail with a Notice of Videotape Deposition for July 7, 2011, at 1:00 p.m. at the Wisconsin Secure Program Facility (WSPF), where the plaintiff is incarcerated. On that date, counsel for the defendants traveled to WSPF for the deposition. After the videographer and the court reporter set up their equipment, WSPF personnel escorted the plaintiff into the conference room. The plaintiff refused to proceed with a videotaped deposition. Counsel advised the plaintiff that the Federal Rules of Civil Procedure authorized videotaped depositions, that he

had given the plaintiff proper notice that the deposition would be videotaped, and that he intended to proceed with the deposition. He also advised that the plaintiff could make his objection to the videotaped deposition on the record. The plaintiff turned around and would not face the camera; he refused to be sworn in and/or otherwise provide testimony. Counsel contacted the court and was advised to make a record concerning the plaintiff's refusal and file any appropriate motions with the court.

The defendants filed a motion for sanctions under Rule 37(d) in which they ask the court to dismiss the plaintiff's complaint. They assert that the plaintiff acted in bad faith when he refused to be sworn in and/or provide testimony in a properly noticed videotape deposition. They also argue that the plaintiff made veiled threats to the court reporter and that his actions demonstrated that he had no intention of proceeding with the deposition and was simply looking for reasons not to be deposed. The defendants contend that the harsh sanction of dismissal is warranted because the plaintiff has demonstrated a pattern of disregarding the discovery rules. Earlier in the case, the plaintiff refused to respond to interrogatories or execute authorizations for prison records until the defendants filed a motion to compel and the court ordered him to respond and to execute the authorizations.

Following the deposition attempt, the plaintiff filed a motion to disregard any accusations of non-compliance. Although filed before the defendants' motion for sanctions, this document serves as the plaintiff's response to that motion. The plaintiff argues that defense counsel's assertions to the court on the telephone that the plaintiff was being

2

uncooperative or non-complaint were a malicious lie. He was unwilling to be filmed because counsel for the defendants would not provide a contract or affidavit that he would not broadcast or misuse the video recording of the plaintiff for his personal gain or personal interests. The plaintiff suggests that he was willing to proceed with only the court reporter, without interference from the video camera. He believes that there is no need for a video camera when the court reporter is present. As indicated, the plaintiff's motion will be considered as a response to the defendants' motion for sanctions.

The plaintiff later filed an affidavit in support of his motion in which he contends that the defendants sought to use excessive methods of recording his deposition. He asserts that they must choose just one. He also objects to defense counsel proceeding without the plaintiff being sworn in and avers that the videographer forcefully placed a microphone next to the plaintiff's neck after the plaintiff said no, causing a slight reddish injury to the plaintiff's chest bone area, just below his neck. Finally, the plaintiff avers that counsel held the plaintiff against his will even after it was made clear that the plaintiff was terminating the video conference by informing a prison guard that he wanted to be escorted from the area.

In *Collins v. Illinois*, 554 F.3d 693, 694 (7th Cir. 2009), the Seventh Circuit affirmed the dismissal of the plaintiff's complaint under Rule 37(d)(1) as a sanction for discovery abuse after she walked out of her deposition. Rule 37(d) authorizes dismissal as a sanction for a party's failure to appear for a deposition after being served with proper

3

notice. "[T]o dismiss a case as a sanction for discovery abuse the court must only find that the party's actions displayed willfulness, bad faith, or fault. Once the court makes such a finding, the sanction imposed must be proportionate to the circumstances." *Id*. at 696 (citations omitted). In *Collins*, the Seventh Circuit found the district court's choice of dismissal was reasonable because "[t]he court made an explicit finding that Collins's conduct was willful in that she refused to wait until the magistrate judge could be contacted to address her objections, and she gave no legitimate reason for walking out of her deposition." *Id*.

Based on the information presented by the parties, the court finds that plaintiff's actions displayed willfulness and bad faith. It was made clear to the plaintiff that defense counsel was authorized to use multiple recording methods, including videography, as long as proper notice was provided. Plaintiff's claim that he was willing to proceed with his deposition on June 7, 2011, if defense counsel had been willing to proceed with just the court reporter is merely an attempt to create post deposition justification for his failure to proceed. It does not overcome his willful and bad faith behavior that arose at the time of the deposition. In addition, as previously noted, this behavior is part of a pattern established in this case. Accordingly, the court will grant the defendants' motion for sanctions.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to disregard any accusations of non-compliance (Docket #88) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for sanctions (Docket #90) is **GRANTED** and this action is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2011.

SO ORDERED,

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**