UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HAKIM Q. NASEER,

                Plaintiff,

v.                                                  Case No. 09-cv-788-bhl

RACINE COUNTY SHERIFF, et al.,

                Defendants.

## DECISION AND ORDER

Plaintiff Hakim Q. Naseer is representing himself in this 42 U.S.C. §1983 case, which has been closed for more than a decade. On January 1, 2008, the Court ordered Naseer to pay the $350 case filing fee over time. His institution was ordered to collect monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account. *See* Dkt. No. 11 at 10. On January 12, 2022, the Court received a $243.48 payment from Naseer's institution that satisfied his outstanding filing fee debt in this case. *See* Dkt. No. 111. On June 1, 2022, Naseer filed a motion asserting that a "retaliatory deduction" had been made from a deposit to his account. He explains that in November 2021, he received a $1,228.18 stimulus payment and that his institution deducted $243.48 and paid it to the Court to satisfy the outstanding case filing fee. He asks the Court to enforce its prior collection order.

The Court will deny Naseer's motion because it is clear that his institution has faithfully complied with the Court's prior collection order. The Court ordered his institution to deduct 20% of the prior month's income credited to Naseer's account and to pay that amount to the Court. According to Naseer, he received a deposit of $1,228.18, 20% of which is $245.64. However, at

the time of the deduction, the outstanding filing fee balance in this case was only $243.48. Accordingly, the institution deducted and paid to the Court only $243.48, thereby satisfying Naseer's filing fee debt in this case.

Naseer also highlights that his institution deducted the entire $1,228.18 deposit; he did not receive any of those funds. But the institution did not make deductions to satisfy only the debt in this case. As the document Naseer attaches to his motion explains, at the time of the deposit, Naseer had filing fee debts in *twelve* federal cases, all of which he was to pay over time in the same manner as was ordered in this case. For three of those cases (including this one), 20% of the deposit (i.e., $245.64) was more than the balance owed. Accordingly, his debt for those three cases was paid in full. The institution then made two 20% deductions for two additional cases, leaving $102.50 of the stimulus deposit. That amount was then deducted and paid toward a sixth filing fee owed by Naseer.

In *Bruce v. Samuels*, the Supreme Court explains that 28 U.S.C. §1915(b)(2) requires that multiple filing fees be paid simultaneously. 577 U.S. 82, 90 (2016). So, when a prisoner owes multiple filing fees, the institution must make multiple deductions from a single deposit. If a prisoner owes filing fees in five or more cases, this may result in 100% of a deposit being deducted and paid to the Court. Because Naseer owed filing fees in twelve federal cases, a deduction of up to 20% of the deposited amount was made for each case until 100% of the deposit had been deducted.

Given that Naseer's institution faithfully complied with the Court's deduction orders in multiple cases, the Court will deny Naseer's motion.

**IT IS THEREFORE ORDERED** that Naseer's motion to enforce Court order (Dkt. No. 112) is **DENIED**.

Dated at Milwaukee, Wisconsin on June 7, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge